IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Capitalsource Finance, LLC,          :

    Plaintiff,                   :

  v.                                  :   Case No. 2:05-cv-0561

THI of Columbus, Inc., et al.,       :   JUDGE SMITH

    Defendants.                  :

OPINION AND ORDER

    On November 22, 2004, CapitalSource Finance, LLC ("CapitalSource") filed a complaint in the Franklin County Court of Common Pleas, Ohio, against Paul Dauerman, Aegis Services, Inc. ("Aegis"), and THI of Columbus, Inc.  On December 20, 2004, Aegis filed a document styled "Counterclaim and Third Party Complaint" against CapitalSource and numerous new counterclaim defendants.  It also appeared to plead one third-party claim for indemnification against Trans Healthcare, Inc., which was also identified as a new counterclaim defendant.  Subsequently, CapitalSource, Dauerman, and Aegis settled and dismissed all disputed claims between them.  The settlement also dismissed all of Aegis' claims against THI of Cleveland, Inc.

    On June 9, 2005, Trans Healthcare, Trans Health Management, THI Services Corp., Trans Healthcare of Ohio, THI Holdings, GTCR Fund VI, Mr. Erickson, Mr. Goldberg, Mr. Jannotta, and Mr. Bennett filed a notice of removal to remove the claims that Aegis asserted against them from the Franklin County Court of Common Pleas to the United States District Court for the Southern District of Ohio.  Those defendants also seek to consolidate this case with 2:04-cv-1175, a case currently pending before Judge Graham.  Aegis filed a motion to remand and request for

attorney's fees on July 11, 2005.  For the following reasons, the motion to remand will be granted.  Accordingly, this Court will not address the motion to consolidate.

I.

In Aegis' motion to remand and request for attorney's fees pursuant to 28 U.S.C. §1447(c), Aegis argues that Trans Healthcare, et al. are not defendants pursuant to 28 U.S.C. §1441(a), but third-party defendants, and, therefore, lack the statutory power to remove this action to federal court.  Additionally, Aegis contends that attorney's fees are "fair and equitable" in this situation because "the overwhelming weight of case law and other authority does not permit the removal of this action...."  Aegis' Motion to Remand and Request for Attorney's Fees (Doc. #17) at p. 8.  To support this proposition, Aegis cites Reiter Oldsmobile, Inc. v. General Motors Corp., 477 F.Supp. 125 (D. Mass. 1979) and Rodriquez v. Federal Nat'l Mortgage Assoc., 268 F.Supp.2d 87 (D. Mass. 2003).

In response, the moving parties argue that removal is proper under 28 U.S.C. §1446(b) because complete diversity of citizenship was created when Aegis, CapitalSource, and Dauerman settled all of their claims, and the case was removed within thirty days afterwards.  Moreover, they contend that after Aegis, CapitalSource and Dauerman settled their claims, the "posture" of all the parties changed.  In other words, the only parties remaining were Aegis and the "third party defendants" (who are all designated as new counterclaim defendants), and the only claims remaining were the claims Aegis asserted against the "third-party defendants."

28 U.S.C. §1441(a) states, in relevant part, that
> any civil action brought in a State court of
> which the district court of the United States
> have original jurisdiction, may be removed by

2

>  the defendant or the defendants, to the
>  district court of the United States for the
>  district and division embracing the place
>  where such action is pending.

Moreover, 28 U.S.C. §1446(b) states, in pertinent part, that

> If the case stated by the initial pleading is
> not removable, a notice of removal may be
> filed within thirty days after receipt by the
> defendant, through service or otherwise, of a
> copy of an amended pleading, motion, order or
> other paper from which it may first be
> ascertained that the case is one which is or
> has become removable, except that a case may
> not be removed on the basis of jurisdiction
> conferred by section 1332 of this title more
> than 1 year after commencement of the action.

Federal courts are to strictly construe removal in favor of state court jurisdiction. Shamrock Oil & Gas v. Sheets, 313 U.S. 100 (1941).

In First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 463 (6th Cir. 2002), the Court of Appeals held that "third-party defendants are not 'defendants' for the purposes of §1441(a)." Relying on Shamrock Oil, the Court of Appeals for the Sixth Circuit stated:

> Although *Shamrock Oil* is not dispositive of
> the precise issue before us, it does dictate
> that the phrase "the defendant or the
> defendants," as used in §1441(a), be
> interpreted narrowly, to refer to defendants
> in the traditional sense of parties against
> whom the plaintiff asserts claims.***
> [Section] 1441(a)'s grant of removal
> power...[instills] a right of removal only in
> the defendant or the defendants.

First Nat'l Bank of Pulaski, 301 F.3d at 463 (internal citations omitted).  Similarly, counterclaim defendants are not defendants in the traditional sense of parties against whom the plaintiff asserts claims.  See, e.g. Dartmouth Plan, Inc. v. Delgado, 736

F.Supp. 1489, 1492 (N.D. Ill. 1990)("But just as a third-party has no special rights to remove, neither does a nonplaintiff counterdefendant. A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court."); Tindle v. Ledbetter, 627 F.Supp. 406, 407 ("Since the Justices are counterclaim defendants, they cannot remove this suit to federal court."); OPNAD Fund, Inc. v. Watson, 863 F.Supp. 328, 332 (same).

      In Reiter Oldsmobile, General Motors was a plaintiff and then a counterclaim defendant in a suit initiated against Reiter. When the Supreme Judicial Court of Massachusetts transferred part of the case to the Massachusetts Superior Court, General Motors removed the case to federal court pursuant to §1441. Id. General Motors argued that it became a "defendant" when the Superior Clerk restyled the case and designated it as the defendant and Reiter Oldsmobile as the plaintiff. Id. at 125. The district court disagreed with General Motors and held that the "statutory directive is jurisdictional" and is "not dependent on the vagaries of different state laws" where the clerk may be acting under state law to restyle a case. Id. at 126. The Court elaborated:

> General Motors was a plaintiff, not a defendant, in that action, and remains so for purposes of 28 U.S.C. ss 1441 and 1446, even after final disposition of the claims of the "plaintiffs" and the clerk's restyling of the remainder of the case.

Id.

    In Rodriguez, FNMA filed a complaint against Rodriguez and Gonzalez in state court. Subsequently, Rodriguez asserted counterclaims against FNMA. Id. Soon thereafter, both parties stipulated that FNMA would dismiss the claims asserted against Gonzalez without prejudice and that the counterclaims asserted

4

against FNMA would be transformed to another civil docket.  Id. Moreover, the stipulation provided that the new civil docket filing must identify Gonzalez as the plaintiff and FNMA as the defendant.  Id.

FNMA removed the case to federal court, claiming that removal was proper pursuant to §§1441 and 1446.  Id.  Gonzalez argued that removal was improper, and the district court agreed. The Court stated:

> The fact that the parties here may have recharacterized their positions vis-a-vis one another when FNMA was willing to dismiss its claim does not change the basic character of the lawsuit initiated by FNMA in state court to evict Gonzalez or, for that matter, the counterclaims asserted by Gonzalez in his defense.
> ***
> FNMA, by its own admission, had the choice to commence this action in federal or state court.  Having opted for a state forum, it cannot be given a second opportunity to exercise that choice when it dismissed its action.
> ***
> Since there was only one lawsuit in the state court, FNMA remained a defendant-in-counterclaim and its argument in opposition to Gonzalez's motion to remand necessarily falls on its own weight.

Id. at 91 (internal citations omitted).

After reviewing the holdings of both Reiter Oldsmobile and Rodriguez, this Court concludes that those cases are distinguishable from the case at bar.  Primarily, both Reiter Oldsmobile and Rodriguez solely concern a plaintiff/counterclaim defendant's ability to remove a case to federal court.  In the instant case, however, the parties seeking removal were joined to the case as additional counterclaim defendants, which places them squarely within the general rule that counterclaim defendants are

5

not defendants within the meaning of the removal statute. See Dartmouth Plan, 736 F.Supp. at 1492; Tindle, 627 F.Supp. at 407; OPNAD Fund, Inc., 863 F.Supp. at 332. Accordingly, the counterclaim defendants do not have statutory authority under the removal statutes to remove this case.  Although the Court recognizes that the removing parties, unlike the typical plaintiff/counterclaim defendant, did not choose in the first instance to litigate their claims in the state court, the presumption against removal jurisdiction and the need to construe the removal statute narrowly and not liberally precludes a finding that they are "defendants" with a right to remove.

Aegis has also requested attorneys' fees in connection with its motion to remand.  The Court concludes that the removing parties had a good faith agreement to advance in favor of removal, and that declining to award attorneys' fees in this precise situation is "fair and equitable."  Cf. Morris v. Bridgestone/Firestone, 985 F.2d 238, 240 (6th Cir. 1993).

II.

In sum, Aegis' motion to remand (doc. #17) is GRANTED. Because of this result, the Court does not need to consider whether this case should be consolidated with case number 2:04-cv-1175.  This action is REMANDED to the Court of Common Pleas of Franklin County, Ohio.

/s/ George C. Smith
George C. Smith
United States District Judge

6